UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | |
|---|---|
| JEREME LEBRON GRAYSON, ) | |
| ) | |
| *Plaintiff,* ) | |
| v. ) | No.   1:12-cv-63 |
| ) | *Chief Judge Curtis L. Collier* |
| CORRECTIONS CORPORATION OF ) | |
| AMERICA, ) | |
| ) | |
| *Defendant.* ) | |

## MEMORANDUM

Jereme Lebron Grayson ("Plaintiff"), a *pro se* prisoner, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983 (Court Doc. 1) and a motion to proceed *in forma pauperis* (Court File No. 4). Plaintiff brings suit against Corrections Corporation of America ("CCA"). Although his complaint is difficult to decipher and appears to be a diary rather than a complaint, the Court discerns that Plaintiff's claim arises out of a physical sexual altercation between Plaintiff and another inmate when the other inmate entered Plaintiff's cell and placed one hand on Plaintiff's chest and grabbed his private area. This alleged incident occurred while Plaintiff was in protective custody (Court File No. 2). Plaintiff seeks compensation for pain and suffering.

For the reasons discussed below, Plaintiff's complaint will be **DISMISSED** (Court File No. 1) and the motion to proceed *in forma pauperis* will be **GRANTED IN PART and DENIED IN PART** (Court File No. 4).

**I.    Application to Proceed *In Forma Pauperis***

It appears from the application to proceed *in forma pauperis* submitted by Plaintiff that he lacks sufficient financial resources at the present time to pay the required filing fee of $350.00. Plaintiff is not relieved of the ultimate responsibility of paying the $350.00 filing fee. Since Plaintiff is

an inmate or prisoner in custody at CCA Silverdale, his *in forma pauperis* application will be **GRANTED** to the extent that he does not have to pay the total fee at this time but **DENIED** to the extent he will not be excused from paying the filing fee (Court File No. 4). Rather, he will be **ASSESSED** and **SHALL** pay the civil filing fee of three-hundred and fifty dollars ($350.00) under the Prisoner Litigation Reform Act ("PLRA"), Pub. L. 104-134, 110 Stat. 1321, codified in 28 U.S.C. § 1915.

Pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B), the custodian of Plaintiff's inmate trust account at the institution where he now resides shall submit to the Clerk, United States District Court, 200 South Jefferson Street, Room 201, Winchester, TN 37398, as an initial partial payment, whichever is the greater of

(a) twenty percent (20%) of the average monthly deposits to Plaintiff's inmate trust account; or

(b) twenty percent (20%) of the average monthly balance in Plaintiff's inmate trust account for the six-month period preceding the filing of the complaint.

Thereafter, the custodian shall submit twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to his trust account for the preceding month), but only when such monthly income exceeds $10.00, until the full filing fee of $350.00, as authorized under 28 U.S.C. § 1914(a), has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

The Clerk of Court will be **DIRECTED** to send a copy of this memorandum and judgment to the Warden and Custodian of Records at CCA Silverdale, the Commissioner of the Tennessee Department of Corrections, and the Attorney General for the State of Tennessee to ensure the custodian of Plaintiff's inmate trust account complies with the portion of the Prison Litigation Reform Act relating to payment of the filing fee.

The agency having custody of the plaintiff shall collect the filing fee as funds become available. This order shall become a part of Plaintiff's file and follow him if he is transferred to another institution. The agency having custody of Plaintiff shall continue to collect monthly payments from Plaintiff's prisoner account until the entire filing fee of $350.00 is paid. In addition, Plaintiff will also be **ORDERED** to provide the prison officials at any new institution with a copy of this order.

## II.    Standard of Review

*Pro se* pleadings filed in civil rights cases are liberally construed and held to a less stringent standard than formal pleadings drafted by lawyers. *McNeil v. United States*, 508 U.S. 106, 113 (1993); *Boag v. MacDougall*, 454 U.S. 364, 365 (1982); *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). However, *pro se* status does not exempt plaintiffs from the requirement that they must comply with relevant rules of procedural and substantive law. *Hulsey v. State of Texas*, 929 F.2d 168, 171 (5th Cir. 1991); *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981). *Pro se* plaintiffs must comply with Rule 8 of the Federal Rules of Civil Procedure which provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." *LRL Properties v. Portage Metro Housing Authority*, 55 F.3d 1097, 1104 (6th Cir. 1995). Although the standard of review is liberal, it does require more than the bare assertion of legal conclusions. *Lillard v. Shelby County Bd. Of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996) (standard of review for dismissing a complaint pursuant to Fed. R. Civ. P. 12(b)(6)-failure to state a claim upon which relief may be granted); *LRL Properties*, 55 F.3d at 1103-04; *Allard v. Weitzman* (In re *DeLorean Motor Co.*), 991 F.2d 1236, 1240 (6th Cir. 1993); *Hartfield v. East Grand Rapids Public Schools*, 960 F. Supp. 1259, 1268 (W.D. Mich. 1997). The complaint must give the defendants fair notice of what the plaintiff's claim is and the grounds upon which it rests. *Lillard*, 76

3

F.3d at 726; *Gazette v. City of Pontiac*, 41 F.3d 1061, 1064 (6th Cir. 1994). "In practice, 'a . . . complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory.'" *Lillard*, 76 F.3d at 726 (citations omitted).

Thus, although the court holds *pro se* pleadings to a less stringent standard than formal pleadings drafted by lawyers, the district court is under no duty to conjure up unpled allegations. Indeed, "even in the case of *pro se* litigants ... leniency does not give a court license to serve as *de facto* counsel for a party, ... or to rewrite an otherwise deficient pleading in order to sustain an action." *GJR Investments, Inc. v. County of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds recognized by Randall v. Scott*, 610 F.3d 701, 706 (11th Cir. 2010).

In addition, the Court screens the complaint pursuant to 28 U.S.C. §§ 1915A and 1915(e). Furthermore, 28 U.S.C. § 1915(e)(2) provides that the Court must dismiss a case at any time if the Court determines that it is frivolous or fails to state a claim upon which relief can be granted. *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997), *abrogated on other grounds by Jones v. Bock*, 549 U.S. 199, 205 (2007).

**III.    Facts**

Although Plaintiff states no claims against CCA, the Court will state the pertinent facts from Plaintiff's diary.  Plaintiff claims on January 2, 2012, he was lying on his bunk in protective custody when another inmate entered his cell and placed one hand on his chest and grabbed his private area asking when Plaintiff was going to let the inmate engage in a sexual act with him (Court File No. 2). When Plaintiff's cellmate, who was using the restroom, asked what was going on, the inmate told Plaintiff he was a gang member and if he said anything, he'd be taken care of and departed.  Plaintiff claims as a result of this incident he pressed charges which subsequently resulted in protective custody

4

being on lock-down twenty-two to twenty-three hours a day. Inmates were only permitted to use the phone, take a shower, or watch television when not on lock-down.

On January 13, 2012, water began leaking in Plaintiff's cell and he notified staff on January 16, 2012, January 23, 2012, and January 30, 2012.

On January 19, 2012, Ms. Ballard told other inmates protective custody was on lock-down because of Plaintiff which resulted in the other inmates harassing him. When he asked Ms. Ballard why she said that to the inmates, she began harassing him by making jokes about his skin disease and said he stunk and was gay. On two occasions Ms. Ballard invited Plaintiff to hit her saying "I want your gay a_ _ to hit me, so I can show you what I'd do to you." (Court File No. 2).

On February 2, 2012, an unidentified CCA investigator was in Session's Court and stated inmates were not locked down around protective custody and the cameras were messed up so the investigator was unable to determine whether Plaintiff was sexual assaulted. The next day CEO Nealor woke Plaintiff up and told him to tell the CCA investigator and unit management that he didn't work or let protective custody out while inmates weren't secure on January 2, 2012. Because Plaintiff was afraid he said okay. Following this investigation, protective custody was on lock down for extended periods of time.

**IV. Analysis**

    **A.    42 U.S.C. § 1983**

To state a viable claim under 42 U.S.C. § 1983, a plaintiff must allege: (1) he was deprived of a right, privilege, or immunity secured by the Constitution or laws of the United States; and (2) the deprivation was caused by a person while acting under color of state law. *Flagg Bros. Inc. v. Brooks*, 436 U.S. 149, 155-156 (1978); *Brock v. McWherter*, 94 F.3d 242, 244 (6th Cir. 1996). To maintain a

cause of action for damages under 42 U.S.C. § 1983, a plaintiff must also allege the defendant caused the plaintiff an injury and show actual damages. *See Carey v. Piphus*, 435 U.S. 247, 255 (1978); *Chatman v. Slagle*, 107 F.3d 380, 384 (6th Cir. 1997); *Zehner v. Trigg*, 952 F.Supp. 1318, 1321 (S.D. Ind.), *aff'd* 133 F.3d 459 (7th Cir. 1997).

Although the Federal Rules of Civil Procedure do not require a plaintiff to set out in detail the facts underlying the claim, the plaintiff must provide sufficient allegations to give defendants fair notice of the claims against them. *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168 (1993). Thus, to state a § 1983 claim, a plaintiff must allege sufficient facts that, if true, would establish he incurred an injury when the defendants deprived him of a right secured by the Constitution of the United States while they acted under color of law. *See Brock*, 94 F.3d at 244.

### B. Discussion

Plaintiff has named CCA as the sole defendant in this case. However, Plaintiff has failed to state a single claim against CCA. Because CCA performs a traditional state function in operating a correctional facility that Tennessee or the municipality ordinarily would operate, CCA acts under color of state law. *See Gabriel v. Corrections Corp. of Am*erica, 211 F.Supp.2d 132, 138 (D.D.C. 2002) (concluding private corporation operating prison under contract of government is state actor for purpose of § 1983); *Street v. Correction Corporation of America*, 102 F.3d 810, 814 (6th Cir. 1996) (CCA acts under color of state law because it performs the traditional state function of operating a prison).

CCA cannot be held liable on a respondeat superior theory in this civil rights suit but it may be held liable on the basis of its own policy or custom. *Johnson v. Karnes*, 398 F.3d 868, 877 (6th Cir.

2005) ("Like a municipality, a government contractor cannot be held liable on a respondeat superior theory....however, ... a private contractor is liable for a policy or custom of that private contractor, rather than a policy or custom of the municipality"). Liability for any alleged constitutional violation attaches only if CCA's policies are shown to be the "moving force" behind alleged constitutional violation. *City of Canton v. Harris*, 489 U.S. 378, 388 (1989).

Therefore, in order to prevail, Plaintiff must demonstrate the alleged violation of his constitutional rights resulted from acts representing official policy or custom adopted by CCA, the private contractor. *Mitchell v. CCA of Tennessee, Inc*., 2007 WL 837293 (W.D. La. 2007) ("[A] municipal corporation may be held liable under § 1983 only if there is a showing of official sanction ...on the conduct or practice at issue."); *Johnson v. Karnes*, 398 F.3d at 877 (Private medical contractor was not liable under § 1983 for injury suffered by jail inmate absent showing the injury was the result of a policy or custom of the contractor.). A corporation acting under color of state law will only be held liable under § 1983 for its own unconstitutional policies. The proper test is whether there is a policy, custom or action by those who represent official policy that inflicts injury actionable under § 1983. *Monell v. Department of Social Services of City of NewYork,* 436 U.S. 658, 694 (1978). Therefore, "Plaintiff must show that CCA has an official custom or policy which could subject it to liability under § 1983." *Mitchell v. CCA of Tennessee, Inc*., 2007 WL 837293, at *6; *Johnson v. Karnes*, 398 at 877 (Plaintiff failed to demonstrate a genuine issue of material fact as to whether his injury was the result of an actual policy or custom of EMSA Correction Care, Inc.).

Thus to prevail in this action against CCA, Plaintiff must show, first, that he has suffered harm because of a constitutional violation and second, that a policy or custom of the entity--in this case, CCA--caused the harm. *See Collins v. Harker Heights, Tex*., 503 U.S. 115, 120 (1992). Plaintiff must

identify the policy, connect the policy to CCA itself, and show that the particular injury was incurred because of the execution of that policy; all of which Plaintiff has failed to do. *See Garner v. Memphis Police Dept.* 8 F.3d 358, 363-64 (6th Cir. 1993), *cert. denied*, 510 U.S. 1177 (1994) (citation omitted). Aside from the lack of any claim against CCA, Plaintiff fails to allege that CCA's policies were the "moving force" behind the alleged sexual attack or any other constitutional violation he is attempting to raise.

Plaintiff does not allege that the violation of his rights resulted from any policy or custom on the part of CCA. Accordingly, CCA Defendant is entitled to judgment as a matter of law.

## V. Conclusion

Plaintiff's complaint will be **DISMISSED** *sua sponte* for failure to state a claim for which relief may be granted. 28 U.S.C. §§ 1915A and 1915(e) (Court File No. 1). Accordingly, Plaintiff's complaint will be **DISMISSED** in its entirety (Court File No. 1) and his motion to proceed *in forma pauperis* will be **GRANTED IN PART** and **DENIED IN PART** (Court File No. 4).

An appropriate order will enter.

/s/_____
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**